MONETTE *v.* TONEY.

[81 South. 593, Division A, No. 20713.]

1. SEARCHES AND SEIZURES. *Rights of officers. Constitutional inhibitions.*

The constitutional provision against unreasonable seizure and search never intended that the execution of criminal process in the apprehension of persons convicted or charged with crime should thereby be delayed or hindered. Such reasonable search in the due enforcement of the criminal laws of the land is not an invasion of the personal security of the citizen.

2. SAME.

An officer without a search warrant may enter and search any premises wherein he has reasonable cause to believe there is concealed a criminal for whose arrest he holds a warrant, or whom he is legally authorized to arrest without a warrant, and an officer is not legally liable to the owner of the premises searched without a warrant where such search is made, in a reasonably necessary manner merely to apprehend such a person.

APPEAL from the circuit court of Lauderdale county. HON. R. W. HEIDELBERG, Judge.

Suit by Mrs. Sarah B. Toney against L. C. Monette and others. From a judgment for plaintiff, defendant, Monette, appeals.

The facts are fully stated in the opinion of the court.

*Amis & Dunn,* for appellant.

As we take it, the question presented by this appeal is, what is the true meaning and interpretation of section 1448 of the Code of 1906 in the light of section 23 of the Constitution of 1890.

Before attempting, however, to determine the meaning and effect of section 1448 of the Code of 1906, it becomes necessary to determine what is meant by "unreasonable seizure or search" as used in section 23 of the Constitution of 1890. The only case decided by this court that we have been able to find is, the case of the *State of Mississippi* v. *Marion Marshall* reported in 100 Miss. 626, in which it was held that section 23 of the Constitution of 1890 was not violated by chapter 134 of the Laws of 1910, giving to the state or county a suit for the penalty provided therein which may be begun by attachment, since there is no search or seizure within the meaning of the said section.

The case does not go into the question as to what is meant by the term unreasonable search or seizure. The Fourth Amendment to the Constitution of the United States is in these words: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

In the case of *Boyd* v. *United States,* 116 U. S. 616, the supreme court of the United States discusses at considerable length the meaning of the phrase: "unreasonable search and seizure" as used in the Fourth Amendment to the Constitution of the United States.

In a note to the case of *McClurg* v. *Brenton,* in 101 Am. St. Rep. 329, Judge FREEMAN says: "An unreasonable search is an examination or inspection without

authority of law of one's premises or person with a view to the discovery of stolen, contraband or illicit property, or for some evidence of guilt to be used in the prosecution of a criminal action. The right of individuals to be exempt from such searches is guaranteed by an amendment (article 4) to the Constitution of the United States, and such amendment is incorporated generally in constitutions of the several states.''

In Rawles Third Edition of Bouvier's Law Dictionary at page 3024, the word ''search'' is defined as follows: ''An examination of a man's house, premises or person for the purpose of discovering proof of his guilt in relation to some crime or misdemeanor, of which he is accused.'' See also the following authorities: *Smith* v. *Maryland,* 18 How. 71; *Murray's Lessee et al.* v. *Hoboken Land and Improvement Co.,* 18 How. 272; *Ex Parte Milligan,* 4 Wall. 2; *Boyd* v. *U. S.,* 11. U. S. 616; *Spies* v. *Illinois,* 123 U. S. 131; *Eilenbecker* v. *Plymouth County,* 134 U. S. 31; *Fong Yue Ying* v. *U. S.,* 149 U. S. 698; *Interstate Com. Comm.* v. *Brimson,* 154 U. S. 447; *In re Chapman,* 166 U. S. 661; *Adams* v. *New York,* 192 U. S. 585; *Morris* v. *Hitchcock,* 194 U. S. 384; *Public Clearing House* v. *Coyne,* 194 U. S. 497; *Interstate Com. Comm.* v. *Blaird,* 194 U. S. 24; *Jack* v. *Kansas,* 199 U. S. 372; *Hale* v. *Henkel,* 201 U. S. 43; *Consolidated Rendering Co.* v. *Vermong,* 207 U. S. 541; *American Tobacco Co.* v. *Werckmeister,* 207 U. S. 284; *Consolidated Rendering Co.* v. *Vermont,* 207 U. S. 541; *Twining* v. *New Jersey,* 211 U. S. 78; *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322; *Bagley* v. *General Fire Extinguishing Co.,* 212 U. S. 477; *Smithsonian Institution* v. *St. John,* 214 U. S. 19; *Thodus* v. *Manning,* 217 U. S. 597; *Fling* v. *Stone Tracy Co.,* 220 U. S. 107; *American Lithographic Co.* v. *Werckmeister,* 221 U. S. 603; *B. & O. R. R. Co.* v. *Interstate Com. Comm.,* 221 U. S. 612; *U. S.* v. *Morgan,* 22 U. S. 274.

In the case at bar, no property or person was seized at all, and the gist of the complaint against the defend-

ant in the court below was for an unlawful search of the plaintiff's premises. We submit that the "unreasonable search or seizure" condemned by section 23 of the Constitution of 1890, as well as by the Fourth Amendment to the Constitution of the United States refers only to the search of person or premises for.the purpose of discovering and seizing papers, documents or property to be used either in a criminal prosecution against the person whose premises are searched, or to subject such person to a forfeiture of his property. In other words, as so forcibly pointed out by Justice BRADLEY in the *Boyd case, supra,* the thing that is condemned is the forcibly making the citizen furnish evidence against himself in a criminal proceeding, or in a proceeding against him for the forfeiture of his property. We further submit that the prohibitions contained in section 23 of the Constiution of 1890, as well as the Fourth Amendment to the Constitution of the United States do not prohibit an officer from searching any house or place whatsoever for the purpose of apprehending a person charged with crime, for whom such afficer has a lawful warrant.

Section 1449 of the Code of 1906 has been the law of this state since 1857, as will be seen by referring to section 1376 of the Code of 1892, section 3027, Code of 1880, section 2777, Code of 1871, and article 277 at page 618 of the Code of 1857. Whether or not it was the statutory law of Mississippi prior to 1857 we do not know as we do not have the codes of proper date in our office. During all this time from 1857 down to the institution of this suit, the right of an. officer to proceed under the terms and provisions of section 1448, seems never to have been questioned so far as the decisions of this court are concerned, and the provisions of section 1448 have been continuously reenacted into law since that time.

If sections 1448 and 1451 are not in conflict with section 23 of the Constitution of 1890, and if these two

sections of the Code are to be given effect according as they are written, then we submit that the action of the court below in refusing the instructions requested by the defendant and in granting each and all of the instructions requested by the plaintiff was error, for which this cause ought to be reversed.

The amount of the judgment in this case is small, only forty-five dollars, but the question involved is of paramount importance as well to the plaintiff as to the defendant in his official capacity as a police officer. It is of paramount importance also to the state that every agency of the state entrusted with the enforcement of the criminal law, because the question is brought up squarely as to whether or not an officer having a lawful warrant for the arrest of any person charged with crime, who, having located the person so charged, in the house of another may lawfully proceed to execute the warrant for the arrest of such person even to the extent of entering the house over the protest of the owner, or whether he must leave the criminal to escape while he goes and hunts up a justice of the peace to get a search warrant. To hold that such is the law would seriously hamper and embarrass every law officer in the state charged with the apprehension of persons charged with crime, and would afford to them on numerous occasions an opportunity to make good their escape while the officer was gone to some justice of the peace to get out the necessary search warrant. We submit that the action of the court below was error, and that the cause ought to be reversed and dismissed.

*T. G. Fewel,* for appellee.

Respectfully submitted in response to the brief of counsel for the appellant, who takes the position that our "search and seizure" constitutional provision is only to be construed to prevent procurement of incriminating evidence to be used in criminal prosecutions, that

this court will never reach such a conclusion as long as the world lasts.

Briefly I beg to call the court's attention to the case of *Sarah Schall* v. *Minneapolis S. Paul R. R.* (Wisconsin), 50 L. R. A. (N. S.), 1151, and the very instructive note under this case. I also refer the court to a case while not exactly in point, but which indicates clearly the trend of the supreme court of Mississippi in protecting the property of the citizen from unreasonable search, seizure and trespass. I refer the court to *Wilson* v. *Kuykendall*, 112 Miss. 490.

To hold as counsel would suggest that police officer would have the right of "search and seizure" under section 1448 would make this section unconstitutional, and in violation of the "search and seizure" provision of the Constitution, section 23. See also *Bulsby* v. *L. & N. R. R.* (Ala.), 52 So. 392.

So as I see the case there is really nothing for the appellee to discuss unless it be the proposal of appellant to have this court limit the application of section 23 of the Constitution as stated in paragraph one of this brief. As to this I do not feel that the proposition is open to debate.

I respectfully submit the case and ask that it be affirmed on direct and reversed on cross appeal for assessment of proper damages.

HOLDEN, J., delivered the opinion of the court.

The appellee, Mrs. Sarah C. Toney, recovered judgment against the appellant and the surety company on his official bond, for damages for an unlawful search of her house and premises by the appellant Monette, chief of police of the city of Meridian, and from which judgment this appeal is prosecuted.

Here are the facts, briefly stated, upon which the judgment is founded. Mrs. Toney was a householder and head of a family residing with her family in a

house in the city of Meridian. Mr. Monette, as chief of police of the city, had in his possession a warrant for the arrest of one Gus Nelson to answer the state of Mississippi on a criminal charge. About 1 o'clock in the afternoon Mr. Monette was informed that said Gus Nelson was at the home of Mrs. Toney, his aunt, in Meridian. Upon receiving this information Mr. Monette, as chief of police, took with him the warrant for the arrest of Nelson, and with two other policemen went to the home of Mrs. Toney, and after informing her of the object and purpose of his visit, searched the home and premises of Mrs. Toney for the purpose of finding and arresting the said Gus Nelson. Officer Monette had no search warrant. There is a conflict in the testimony as to whether or not the search was made without the consent of Mrs. Toney. There is also a dispute in the testimony as to the method and character of the search made by the appellant Monette.

The case was submitted to the jury for the plaintiff below upon the theory that the appellant Chief of Police Monette, was liable for damages if he searched the house and premises without having first secured a search warrant as provided by law, authorizing him to make such search, and also provided that the appellee, Mrs. Toney, did not consent that the search be made. The instructions granted the plaintiff below embodied this theory throughout the case; and the defendant asked for and was refused the following instruction.

"The court charges the jury that if, from all the testimony in the case, they believe that the defendant jointly with the sheriff of Lauderdale county, had been searching for Gus Nelson to arrest him on warrants previously issued for his arrest, and if they further believe that, on the occasion testified about, the defendant had information which caused him reasonably to believe that Gus Nelson was in plaintiff's house, and that defendant, in company with two other policemen, went

to plaintiff's house for the purpose of finding and arresting Gus Nelson, and that plaintiff knew or was informed of the purpose of his visit, then defendant had the lawful right to search the house for the purpose of ascertaining whether or not Gus Nelson was in it, no matter whether plaintiff consented to such search or not; and if the jury further believe that the defendant exercised such right of search in a reasonable manner under all of the circumstances for the sole purpose of finding out whether Gus Nelson was in the house or not, then the jury should find for the defendant.''

We fully appreciate the inhibition of the Constitution with reference to unreasonable search and seizure, and fully realize that the protection afforded by the Constitution is to be respected and held sacred in all proper cases: but we do not think the constitutional prohibition can be successfully invoked in the case before us. The right to make arrests at any time or place exists by statute in this state. In order to make the arrest of a person charged with crime, an officer has authority to enter and search any dwelling house, when he acts upon probable cause and reasonable belief that the party whom he seeks to arrest is then in such dwelling house.

Such officer, in seeking to arrest one charged with crime, whose arrest he is legally authorized to make, may enter and search the dwelling house of the accused, or the dwelling house of any other person when acting in good faith upon reasonable belief that the accused is in the house, and this is true whether the owner or possessor dwelling in the house consents or not; and when the search by an officer is made in a reasonably necessary manner under these circumstances for the purpose only of apprehending the person whose arrest he seeks, the officer violates no right or law and is not liable for damages, and is not required to have a search warrant under our statute. The constitutional provision against unreasonable seizure and search never intended that the execution of criminal process in the

apprehension of persons convicted or charged with crime should be thereby delayed or hindered. Such reasonable search in the due enforcement of the criminal laws of the land is not an invasion of the personal security of the citizen.

Petty officers who commit acts in excess of their lawful authority are amenable to the law in such cases, but the arrest of harbored criminals is not to be hindered under the claim of personal security against unreasonable search. *Boyd* v. *United States*, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; 2 R. C. L. 475. The above instruction, refused by the lower court to the appellant, Monette, we think, clearly sets forth the law governing this case, and it should have been granted. Therefore the judgment of the lower court is reversed on direct appeal, and the case remanded.

*Reversed and remanded.*