## HUGHES *v.* STATE.

(In Banc. April 10, 1944. Suggestion of Error Overruled May 8, 1944.)

[17 So. (2d) 444. No. 35466.]

Vance W. Good, of Vicksburg, for appellant.

284

**Greek L. Rice**, Attorney-General, by **R. O. Arrington**, Assistant Attorney-General, for appellee.

Argued orally by **Vance W. Good**, for appellant, and by **R. O. Arrington**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant Hughes shot and killed S. J. Luckett, a deputy sheriff of Warren County. He was indicted and convicted of the murder of Luckett, and sentenced to death. From that judgment he prosecutes this appeal.

Hughes lives in Warren County, in the country about five miles north of Vicksburg. Buchanan, the sheriff of that county, and Luckett, one of his deputies, had a warrant for the arrest of Hughes to answer a criminal charge. They went to Hughes' home about four o'clock in the afternoon to make the arrest. In his home at the time were his two daughters, both adults, one of whom had a baby. In the kitchen was a negro servant, and out in the back yard her husband was at work. Sitting on the front steps was a son of Hughes, around 17 or 18 years of age.

On the trial neither the daughters nor the son testified; Buchanan and Hughes alone testified as to the killing. Buchanan stated that he asked the son if his father was at home; he answered that he was; Buchanan then stated to the son that they had a warrant for the arrest of his father, and asked him to call his father out, which the son did. His father replied ,"I'm not coming out," and thereupon Buchanan and Lockett entered the house to make the arrest. Immediately upon their entrance Hughes shot and killed Luckett. Hughes thereupon fled, and later was arrested. Three witnesses testified that when the arrest was made Hughes stated, "Well, a man can take so much, until he gets tired of taking it, and I've got enough and put a stop to the g—d—s—b."

Hughes testified that about a week before he and his wife had parted, resulting in her leaving home; that she stated she was going to bring a mob down there and kill him; that he thought when the sheriff and his deputy approached (whom he did not know), they were there to carry out his wife's threat, and that was the reason he shot and killed Luckett. He testified further that on two or three previous occasions some person or persons tried to break into his home at night. Hughes admitted that his son called him to come out, as requested by Buchanan, but that he declined to come because he was afraid they were there to mob him. He stated that he was out in the yard near his home, and saw the sheriff and his deputy as they were approaching; thereupon he went into the home.

Appellant relies upon the principle laid down in Bowen v. State, 164 Miss. 225, 144 So. 230, and other decisions of our court, that a person is entitled to defend his home with force against unlawful entry, and to prevent crime from being committed therein. He contends that he shot for that purpose alone, and that his evidence to that effect is without substantial contradiction; and, therefore, under the authority of the Bowen case, he was entitled to a directed verdict of not guilty. A search warrant was not

required. The warrant for his arrest was all that was necessary to justify the officers in entering Hughes' home. Monette v. Toney, 119 Miss. 846, 81 So. 593, 5 A. L. R. 261.

There was ample evidence to the effect that Hughes had no reason to believe at that time that the sheriff and his deputy were approaching his home to mob him, or to do any other unlawful act. The refusal of a directed verdict of not guilty was therefore justified.

Appellant requested an instruction, which was refused by the court, to the effect that if the evidence showed he was laboring under the apprehension that he or his family were in danger of some bodily harm because of the entrance into his home of the sheriff and his deputy, not knowing who they were, he had the right to exert the necessary force to ''protect his life or that of his family even to the extent of taking life.''

The court gave an instruction in this language: ''The court instructs the jury for the defendant that if you believe from the evidence that the defendant had a reasonable ground to believe, and did believe, that he was in immediate danger of great bodily harm at the hands of the deceased, Luckett, then he had a right to use force to protect himself.'' This instruction embodied the same principle in fewer words than the one refused. Therefore, there was no harmful error in its refusal. Nor was any harmful error committed on the trial.

Affirmed, and execution set for Friday, May 19, 1944.

Affirmed.