## BEAIL v. DISTRICT OF COLUMBIA.

### No. 11147.

United States Court of Appeals
District of Columbia Circuit.

Argued May 16, 1952.

Decided June 26, 1952.

Opinion Revised Dec. 10, 1952.

Rehearing in Banc Denied Dec. 10, 1952.

Saul G. Litchtenberg, Washington, D.C., with whom Albert A. Stern and Charles A. Schaeffer, Washington, D.C., were on the brief, for appellant.

Edward A. Beard, Asst. Corporation Counsel for the District of Columbia, Washington, D.C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D.C., were on the brief, for appellee.

William J. Hughes, Jr., Washington, D. C., appointed by this Court, filed a brief as *amicus curiae* and participated in the argument urging affirmance.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

This appeal is from a conviction of vagrancy which the Municipal Court of Appeals affirmed. 82 A.2d 765. The information, dated March 13, 1951, alleged that appellant was on February 22, 1951 "and has been since that day and still is a vagrant, to wit; a person who wanders about the streets at late and unusual hours of the night without any visible and lawful business and not giving a good account of herself." An Act of Congress provides: "The following classes of persons shall be deemed vagrants in the District of Columbia: * * (8) Any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself." D. C.Code (1940), Supp. VII, § 22–3302.

According to a policeman's testimony, some of which appellant contradicted, many times between February 22 and March 13 appellant walked or stood in Washington streets late at night and the policeman asked her why she was there. She made such replies as that she "was a good girl and was not doing anything wrong", or was "just out", or was "on her way home".[1] Once she told the policeman "he should not ask her that" and laughed. She was sometimes with one Doris. Once she talked to two men for some 20 minutes at about 1:45 A.M. On this occasion the policeman asked her how business was, and she asked him if he

---

1. These and the following quotations are from the trial judge's Statement of Proceedings and Evidence.

had ten dollars to spend. He then asked her if she had a husband and she replied that he took care of her. Once the policeman asked her first why she was on the street, and then how business was. She replied to the first question that she was doing nothing wrong, and to the second that no one had any money. She was not arrested on any of these occasions.

Finally at about 12:05 A.M. on March 13, the policeman "asked her why she was on the street at that hour. She replied that her husband was drunk in the Safeway Lunch and that she was going home. Upon inquiry she replied that she had left Doris down at Monty's place." The policeman then arrested her, though she was only about two feet from the gate of her house. He testified, over objection, that Doris was a known prostitute. Appellant had a record of 5 previous convictions, 4 for soliciting prostitution and 1 for pandering. She testified that she knew the officer to be a policeman and had seen him many times.

There is much in the thoughtful opinion of Judge Hood with which we agree, but as we understand the statute there is no evidence that appellant violated it. If, in reply to the policeman's questions, she had simply said that she had a constitutional right to be in the street,[2] she would have failed completely to explain her being there; yet it is pretty clear that if the conversation had stopped at that point she would not have violated paragraph (8), and that to bring her within the meaning of the statute the officer would have had to pursue the subject further, *e. g.* by saying "That won't do. You'll have to tell me what you're up to" or the like. Something of that sort was equally necessary in the case before us. The statutory words " not giving a good account of herself" mean something more than not giving a good account in response to casual or bantering questions. They mean not giving a good account when a question has been followed up by an order or demand. Since appellant was never confronted with an order or demand to explain her presence in the street, her conviction must be reversed.

We need not consider appellant's other contentions.

Reversed.

PROCTOR, Circuit Judge (dissenting).

I agree with the opinion of Judge Hood,[3] speaking for the Municipal Court of Appeals in affirming the conviction. I think that opinion deals with the case realistically and justly, having in mind the public interest.

2. We do not reach, or imply any opinion on, any constitutional issue.

3. Beail v. District of Columbia, D.C.Mun. App.1951, 82 A.2d 765.