**UNITED STATES of America**

v.

**J. Paul JOINES and John Robert Joines.**

**Appeal of John Robert JOINES.**

**No. 12186.**

United States Court of Appeals Third Circuit.

Argued June 10, 1957.

Decided June 25, 1957.

Rehearing Denied July 23, 1957.

Judson E. Ruch, York, Pa. (R. Palmer Ingram, Baltimore, Md., on the brief), for appellant.

William D. Morgan, Asst. U. S. Atty., Scranton, Pa. (Robert J. Hourigan, U. S. Atty., Scranton, Pa., on the brief), for appellees.

Before MARIS, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This appeal from a judgment of conviction in a criminal case raises the question whether the defendant was convicted upon evidence obtained as the result of an unlawful search and seizure. Officers of the Internal Revenue Service armed with a lawful warrant for the defendant's arrest appeared at his dwelling house to arrest him. It turned out that he was not then at home but in the course of searching the house for him the agents after breaking open an outside cellar door came upon an illicit still in operation in the basement of the house. It is the evidence comprising this still which the defendant urges was seized unlawfully. We do not agree. We are satisfied from the evidence, as was the trial judge, that the officers searched the defendant's house in a bona fide attempt to find and arrest him and that they did not know of the existence of the still therein until they came upon it in the course of their search for the defendant. By virtue of the warrant of arrest which the officers held they had a lawful right to search the house for the defendant, breaking open outer or inner doors if necessary. Hawkins v. Commonwealth, 1854, 14 B.Mon., Ky., 395, 61 Am. Dec. 147; Commonwealth v. Reynolds, 1876, 120 Mass. 190, 196; Monette v. Toney, 1919, 119 Miss. 846, 81 So. 593, 5 A.L.R. 261 and annotation thereto; State v. Shook, 1944, 224 N.C. 728, 32 S.E.2d 329; Voorhees, The Law of Arrest, 1904, § 153; 4 Am.Jur., Arrest, § 83; 6 C.J.S. Arrest § 14. The seizure of the still which they discovered in the course of that lawful search for the defendant was therefore not unlawful.

Love v. United States, 4 Cir., 1948, 170 F.2d 32, certiorari denied 336 U.S. 912, 69 S.Ct. 601, 93 L.Ed. 1076.

The judgment of the district court will be affirmed.