**Thomas William TOWNSEND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7942.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 6, 1959.

Decided Oct. 22, 1959.

Calvin H. Childress, Norfolk, Va. (Court appointed counsel) for appellant.

Sam D. Eggleston, Jr., Asst. U. S. Atty., Norfolk, Va. (John M. Hollis, U. S. Atty., Norfolk, Va., on the brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and FIELD, District Judge.

FIELD, District Judge.

Appellant was indicted, tried and convicted under a four count indictment charging him with violations of Title 18, Section 1461, U.S.C.A., for mailing, or causing to be mailed, certain obscene writings. The only question on appeal is whether the District Judge erred in denying the defendant's motion to suppress certain exhibits admitted in evidence, which motion was made on the grounds that they had been obtained as the result of an unreasonable and improper search and seizure.

The facts, briefly, are as follows: On April 24, 1958, two federal postal inspectors came to Newport News, Virginia, for the purpose of arresting the defendant under a valid bench warrant issued following an indictment returned in Philadelphia, Pennsylvania, charging the defendant with conspiracy to mail obscene

matter. Being unable to find a United States Marshal, they sought the assistance of Lieutenant Blackmon, an officer of the police force of Newport News, in making the arrest under this warrant. Being informed of the nature of the Pennsylvania indictment, Blackmon, on his own initiative, obtained a State search warrant. The postal inspectors and Blackmon then proceeded to the defendant's premises, evidently a combination business establishment and residence. The defendant was found at the premises, was arrested and later, on the same day, was arraigned before a United States Commissioner. At the time the defendant was arrested, both the postal inspectors and Blackmon made a search of the first and second floors and found a great amount of obscene writings and pictures, including the writings which were admitted in evidence at the trial.

Appellant contends that the State search warrant obtained by Blackmon was invalid under the laws of the State of Virginia and since the postal inspectors participated in the search, the evidence was obtained under circumstances contrary to the provisions of the Fourth Amendment. Under the evidence in this case, we see no merit in this contention. The federal officers entered the premises for the valid purpose of making an arrest under a proper warrant. There was no element of trespass or fraud in their entry. A reasonable search under such circumstances has long been recognized as an exception to the limitations of the Fourth Amendment, Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L. Ed. 1399, United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. Being rightfully on the premises they were justified in making a reasonable search and in seizing material which was identical with the subject matter of the very crime charged in the arrest warrant as well as the crimes charged in the subsequent indictment in this case. There was no undue force nor any other aggravating circumstances. At the time of the arrest the defendant was apprised of his constitutional rights, and thereafter voluntarily typed out a sample of writing from the typewriter found on the premises. He was confronted with the material which had been seized when he was arraigned before the United States Commissioner. On these facts, certainly the action of the District Judge was in accord with the decisions of this Court in Paper v. United States, 4 Cir., 53 F.2d 184 and Love v. United States, 4 Cir., 170 F.2d 32.

The appellant relied heavily on the decision of Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514, but in our opinion that decision has no application to the case before us.[1] In the Jones case the Court concluded as a matter of fact that the federal agents entered the premises primarily for the purpose of making a search rather than an arrest. In the instant case, there was no reason to go into the subjective intent of the federal officers inasmuch as they had the valid arrest warrant in hand when they made their entry, and, in fact, made the arrest pursuant to that warrant.

The fact that Blackmon, the city police officer, also had a State search warrant did not invalidate the entry of the federal officers nor the subsequent search. The material seized was discovered openly and at random throughout the premises and there was no evidence that the search was unreasonable under the circumstances. In our opinion, this case clearly falls within the rule enunciated

---

1. In United States v. Joines, 246 F.2d 278, the Court of Appeals for the Third Circuit affirmed the action of the District Court in a case comparable to the one under consideration. The Supreme Court granted a writ of certiorari and remanded the case for further consideration in the light of its decision in the Jones case, 357 U.S. 573, 78 S.Ct. 1380, 2 L.Ed.2d 1547.

The Court of Appeals, upon further consideration, stated that it did not consider the Jones case controlling on the facts before it and reaffirmed its prior decision, 3 Cir., 258 F.2d 471, and, thereafter, certiorari was denied by the Supreme Court, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109.

by Judge Parker in Paper v. United States, supra, "But where the entry and search are rightful and there is present no element of trespass or fraudulent invasion of the rights of the citizen, there is no reason for excluding evidence of crime discovered in the course of the search. * * * The purpose of the Fourth Amendment is not to shield crime, but to protect the citizen against the improper use of governmental force. If there is no such improper use of force, the amendment has no application."

The judgment of the court below will be affirmed.

Affirmed.