Eleanor R. HARRIS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2652.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1961.

Decided Jan. 31, 1961.

De Long Harris, Washington, D. C., for appellant.

H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

QUINN, Associate Judge.

Appellant was charged and convicted under a statute which defines a vagrant as:
"Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source."[1]

Of the errors assigned on this appeal, we reach only one: The court's refusal to grant a motion to dismiss at the close of the trial on the ground that the government had failed to prove the elements necessary to support a conviction under the statute. Our decision on this question is dispositive of the entire case.

The arresting officer testified that at approximately eleven o'clock in the evening he observed appellant and her woman

1. Code 1951, § 22–3302(3) (Supp. VIII).

companion, both known to him to be convicted prostitutes, "loitering along by a restaurant." After noticing them for ten minutes, the officer called them over and inquired where they had been. They said they had been "to a movie" but could neither identify the theatre nor the movie. In response to his inquiry, they admitted having served time for "soliciting prostitution" but failed to reply when asked why they had loitered. Appellant informed the officer that she was unemployed. The officer testified that when he first observed appellant and her companion they were not violating any law.

Appellant testified that she had attended a movie and that she was on her way to a restaurant when accosted by the officer. She denied having engaged in prostitution and stated that she lived with her mother and John M. Blair, her "common-law husband," who had supported her for the past seven years. She also testified that she was married to one Lucky Harris but had not seen or heard from him for seven years. The court, sitting without a jury, at the close of all the evidence denied the motion for judgment of acquittal and held that appellant's admission of living out of wedlock with John Blair rendered support received from him illegal and unlawful.

2. Beall v. District of Columbia, D.C.Mun. App., 82 A.2d 765, reversed 1952, on oth-

The first question which confronts us is whether the officer, under the circumstances here present, was justified in calling appellant to account. We think not. When the officer first observed appellant it was not unusually late. During his short period of observation, appellant conducted herself in a quiet and orderly manner. In fact, she was engaged in conversation with her companion during the entire time. This court has stated that it is not the purpose of the statute to deprive persons of the use of public streets so long as they are used either for the legitimate purposes of pleasure or business.[2] From the record, we think the officer had no cause to believe that appellant was leading an "immoral or profligate life" or that her purpose in being on the street was not a legitimate one. The only information he had concerning her was a copy of a criminal record which showed that she had been convicted of soliciting some six years earlier. In view of these circumstances, it is not necessary to consider whether the other elements of the vagrancy statute were present in this case.

The case is accordingly remanded with instructions that the judgment and sentence be set aside.

It is so ordered.

er grounds 91 U.S.App.D.C. 110, 201 F. 2d 176.