**Ida Mae PALMER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 3234.

District of Columbia Court of Appeals.

Argued June 17, 1963.

Decided July 22, 1963.

---

Herbert J. Muriel, III, Washington, D. C. for appellant.

Barry I. Fredericks, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Lawrence Shaffner, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant was convicted of violating § 33–416, D.C.Code, 1961.[1] She appeals, claiming primarily that it was error to have overruled her motion to suppress certain evidence.

The record reveals that a "reliable informant" telephoned a member of the Metropolitan Police Narcotics Squad one afternoon and said that one Jones, for whom an arrest warrant was outstanding,[2] could be found at 1213 Half Street, S. W., which was appellant's house. No attempt was made to serve the warrant there until about 8:30 a. m. the next day when three members of the Narcotic Squad arrived and knocked on appellant's door. In reply to a man's voice from within, they stated they were police officers with an arrest warrant for Jones. The officers could see through the venetian blinds a man standing inside, near the door. When they repeated that they had an arrest warrant for Jones, they saw the man turn and flee from view. At this point, the officers forced the door and entered the house, running upstairs. Appellant was observed standing with her back blocking an open closet. An officer advised

1. Section 33–416 provides: Any store, shop, warehouse, dwelling-house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs or which is used for the illegal keeping or selling of the same, shall be deemed a common nuisance. No person shall keep or maintain such a common nuisance."

2. On July 27, 1962, a warrant was issued for the arrest of Joseph V. Jones for violation of § 33–416a, D.C.Code, 1961, but it could not be served although two attempts previously had been made to locate Jones.

her that he had a warrant for Jones' arrest and walked over and looked into the open closet to see if Jones were hiding there. At this time the officer saw numerous capsules scattered about on the floor of the closet and also a package containing more capsules, all of which were filled with narcotic drugs. A co-defendant, William Harrison, was found in another room hiding behind a chair, but a search of the premises failed to reveal Jones. Appellant was then arrested and together with others was charged with narcotics violations.[3] The trial resulted in their convictions.

The issue before us is a narrow one. Can the delay between the time that the "tip" was received by the police and the time they went to appellant's house to attempt to arrest Jones be held to negate their *bona fide,* reasonable belief that the accused was still in the house?[4] Were the officers merely using the arrest as a means of entry to search a "hangout" of known addicts, a practice that would require reversal?[5]

 An officer with a warrant outstanding for the arrest of an individual named therein may enter upon private premises if he has reasonable cause to believe that such party can be found there.[6] In this jurisdiction, an officer must first identify himself and announce why he seeks admission from the occupant of the house. Then if refused the right to entry, he may lawfully break and enter.[7]

The record reveals that this procedure was followed here and the rule respecting the right to entry carefully observed by the police officers. Information from a reliable source placed Jones, wanted for arrest under an outstanding warrant, in appellant's house. The officers identified themselves after knocking at the door and stated the purpose of their visit. Through the window, they saw a man fleeing from view. They had reasonable cause to believe he was the one they sought to arrest. There being no reply to their requests for admission and no voluntary effort by any occupant to open the door to them, they used the necessary force to enter. They did not start a detailed search of the house by looking into locked cabinets, trunks, or boxes or for secret hiding places, to find illegal drugs. Rather, they were seeking Jones and when on the second floor they encountered appellant shielding the doorway into an open closet, they looked into it to ascertain whether Jones was hiding there. It was then they observed on the closet floor the numerous narcotic capsules; and having witnessed evidence of a crime that was being committed, the officers made an "on view" arrest of appellant for illegally keeping narcotics in her house.[8]

 It is settled law that when the search and seizure, and not the arrest, are the real objectives for entry into a dwelling house by police officers and when the use of a valid arrest warrant is mere pretext for, and at most incident to, the intended arrest, the search is not reasonable and is in violation of constitutional rights.[9] Such factors do not exist here. Upon the record, the trial court could reasonably have found that the police were motivated by an intention, in good faith, to locate and arrest Jones at appellant's house. There is no

---

3. Appellant was tried with co-defendants Virginia Minor and Irene and William Harrison, the latter three being charged with violating § 33–416a, "Vagrancy-Narcotic drug user." Although also convicted, they have taken no appeals.

4. Gibson v. United States, 80 U.S.App. D.C. 81, 83, ft. n. 5, 149 F.2d 381, 383, ft. n. 5; cert. den. O'Kelley v. United States, 326 U.S. 724, 66 S.Ct. 29, 90 L. Ed. 429; United States v. Joines, 3rd Cir., 246 F.2d 278; Monette v. Toney, 119 Miss. 846, 81 So. 593, 5 A.L.R. 261.

5. McKnight v. United States, 87 U.S.App. D.C. 151, 183 F.2d 977.

6. See 1 Alexander, The Law of Arrest, Sec. 65, p. 411 (1949).

7. Gatewood v. United States, 93 U.S.App. D.C. 226, 209 F.2d 789; Accarino v. United States, 85 U.S.App.D.C. 394, 179 F.2d 456, 465.

8. See 1 Varon, Searches, Seizures, and Immunities, p. 195 et seq. (1961).

9. McKnight v. United States, supra, note 5.

proof that their purpose was to uncover incriminating evidence against appellant and other occupants and that they were using the arrest warrant as a means to that end. This was not a case of policy strategy to gain admission by using an arrest warrant in order to search for possible hidden contraband. There had been no prior available opportunity known to the police for the arrest of Jones. Two previous attempts to serve the arrest warrant upon him had failed. The entry of the officers was lawful and when, while trying to find Jones on the premises, they saw the capsules on the floor, in plain view, they could hardly be expected to close their eyes to their existence.

Appellant contends that the long delay between the time the police received the information and the time they acted upon it tainted the alleged good faith of the officers in entering her house; that such delay showed the real purpose of the forced admission was to search her dwelling for known addicts under the guise of looking for Jones.

Although all arrest warrants should be served promptly, we find no reasonable grounds in the present case for ruling that delay alone negated the good faith of the officers in coming to appellant's house to arrest Jones so as to justify reversal of her conviction upon evidence obtained there. As far as the record discloses, aside from unwarranted conjecture or unrealistic surmise as to the real reasons, if any, for the delay in attempting to locate and arrest an illusive Jones, the trial judge had a reasonable evidentiary basis in not assigning an ulterior motive to the officers' delay in going to appellant's house. The motion to suppress evidence seized after lawful admission into appellant's house was properly overruled.

No other error being noted respecting the trial of appellant, we rule that evidence obtained under the facts and circumstances of this case was correctly admitted. The conviction of appellant is therefore

Affirmed.