Percy E. WILSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17791.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 19, 1963.

Decided Oct. 17, 1963.

---

Mr. Ralph E. Becker, Washington, D. C. (appointed by this court), for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., for appellee. Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, John H. Treanor and Robert A. Levetown, Asst. U. S. Attys., were on the brief for appellee.

Before DANAHER, BURGER, and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge.

This appeal from a narcotics conviction presents the issue of the propriety of an arrest and a succeeding search of the person. On April 12, 1962, a United States Commissioner in New York City issued an arrest warrant in response to a complaint reciting a narcotics offense by appellant on January 3, 1961. In September, 1962, appellant's brother was arrested in Washington, and appellant was observed to be in Washington in connection with efforts to arrange release of his brother on bond. Washington agents of the Bureau of Narcotics were informed by telephone from New York of these circumstances and of the outstanding warrant, and were asked to execute the warrant. They found appellant at the bondsman's office, made the arrest under the authority of the 1961 warrant, and, in the course of the usual routine precautionary search of an arrested person, discovered in appellant's possession contraband narcotics. Thereafter, appellant was indicted in this jurisdiction on the strength of possession of the narcotics so discovered and seized.

It is asserted here, as it was in the District Court, that the warrant was void for staleness, in relation both to the date of the alleged crime for which it was issued and to the time of its execution. But the crime for which the warrant was issued is not the crime for which appellant was tried and convicted. The record is free of any suggestion that the delay in the procurement or the execution of the warrant resulted from any oppressive purpose or scheme devised with respect to the latter offense. Indeed, the facts indicate that, as respects the execution of the warrant, appellant was a fugitive and that the officers arresting him in the bondsman's office had no expectation that they would find him in the act of committing a new crime.

If this appeal were from a conviction of the crime giving rise to the warrant, we should undoubtedly be concerned with the essential fairness of appellant's being required to answer to the charge under the circumstances set forth above, including the impact of the delays upon his capacity to defend himself.[1] Similar problems would confront us if a purposeful abuse of the processes of arrest by warrant, designed to accomplish objectives unrelated to the crime charged in

---

[1]. Appellant suggests that the warrant was void for the reason that, in view of the lapse of time between the crime alleged in the complaint and the issuance of the warrant, there could have been no "probable cause" within the meaning of Rule 4, Fed.R.Crim.P. We do not think, however, that mere lapse of time establishes lack of probable cause. Its effect in terms of barring prosecution for the crime charged in the complaint is, as we have indicated, another question. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932), Schoeneman v. United States, 115 U.S.App.D.C. 110, 317 F.2d 173 (1963), and Markham v. United States, 115 U.S.App.D.C. 110, 317 F.2d 173 (1963), cited in the appellant's brief, are not in point. They involve delay in obtaining warrants to search buildings for specified movable objects. The probable cause which must be shown in that situation is that the applicant believes the items to be on the premises. Where the facts giving rise to this belief occurred several months previously, there is no showing of probable cause to believe they are *presently* on the premises. The

the particular warrant being used, were reflected in the evidence. Here, however, a warrant valid on its face was executed to achieve its own purposes; and the arrest, and resulting search, were correspondingly lawful. The crime thereby disclosed was the subject of prompt indictment and trial. Under these circumstances we find no error, and the conviction is

Affirmed.

showing that must be made in an arrest warrant application is that there is probable cause to believe that a named person committed a named offense on a named day *in the past*. These are obviously very different situations.