**Albert B. BROOKE and James S. Goodman, Appellants,**

v.

**UNITED STATES, Appellee.**

Nos. 3590 and 3591.

District of Columbia Court of Appeals.

Argued Dec. 14, 1964.

Decided March 31, 1965.

Robert Morris Price, Washington, D. C., for appellants.

Anthony A. Lapham, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty. were on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

These appeals are from convictions of possession of narcotics,[1] and narcotic vagrancy.[2] No question is raised as to the sufficiency of the evidence to sustain the convictions, but it is contended that a motion to suppress evidence seized at the time of arrest should have been granted. The arrests and seizures occurred under the following circumstances. On October 23, 1963, detective Paul of the Narcotic Squad obtained a warrant for the arrest of one Scott. Between October 1963 and February 1964, he made three visits to a house where Scott was supposed to be living but was unable to find him. Upon one such occasion a relative of Scott's said he stayed there only occasionally. Detective Paul had no other information of where Scott could be found until February 18, 1964, when an informant, who had proven reliable in the past, told Paul that Scott was staying "most of the days" at a certain apartment. It later developed that this was appellant Brooke's apartment. Paul received the information from the informant at about 2:00 p. m. Less than an hour later he and three other officers went to the apartment.

When the four officers arrived at the premises two went to the rear and Paul and another went to the apartment door. Paul knocked and in reply to an inquiry from within stated that police were there with a warrant for Scott and inquired if Scott was there. Receiving no answer and hearing persons running around in the apartment, the officers forced the door open and entered.

On entering the apartment, which consisted of one room and a bathroom, Paul saw Scott coming from the bathroom and immediately arrested him. In the apartment Paul saw a "cooker," some capsules with traces of white powder and other narcotic paraphernalia. Both appellants, Brooke and Goodman, were in the apartment and were recognized by Paul as vio-

1. D.C.Code 1961 § 33–402.

2. D.C.Code 1961, § 33–416a(b) (1) (B).

lators or known drug users in the past. (At the hearing to suppress both appellants admitted prior narcotic convictions.) They were arrested and a search of their clothing revealed narcotics in the possession of each.

■ Appellants argue that entry to the apartment was made under a stale arrest warrant and that the warrant was used as a pretext to enter and search the premises. We find no basis in the record supporting either contention. An arrest warrant does not become void by mere passage of time. Wilson v. United States, 117 U.S.App.D.C. 28, 325 F.2d 224 (1963), cert. denied, 377 U.S. 1005, 84 S.Ct. 1941, 12 L.Ed.2d 1053 (1964). There was no evidence here that the officer had deliberately refrained from executing the warrant. The evidence was that unsuccessful attempts were made to locate Scott and when the officers first learned where Scott could be found, prompt steps were taken to make the arrest. There was no evidence whatever that the entry under the warrant was a pretext to search the premises. See Palmer v. United States, D.C.App., 192 A.2d 801 (1963), cert. denied, 377 U.S. 907, 84 S.Ct. 1168, 12 L.Ed.2d 178 (1964).

■ Appellants also argued that the narcotic-vagrancy statute is unconstitutional for vagueness, in that it could be applied unreasonably in certain hypothetical situations. The answer to this is found in United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960), where it was said that "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional."

Affirmed.