Henry C. **WILSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 3707.

District of Columbia Court of Appeals.

Argued July 19, 1965.

Decided Aug. 25, 1965.

Norman M. Garland, Washington, D. C., (appointed by this court) for appellant.

Norman Lefstein, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Gerald M. Caplan, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant was convicted of narcotic vagrancy in violation of D.C.Code 1961, § 33–416a(b) (1) (B).[1] This appeal followed.

On the afternoon of October 19, 1964, two detectives assigned to the Narcotics Squad of the Metropolitan Police Department observed an automobile, which they had reason to believe was being used in connection with railroad yard thefts, slowly enter an alley and stop. Upon seeing a known narcotics user approach the car, they drove their cruiser into the alley and stopped in front of the parked vehicle. They engaged the occupants of the car,

---

1. § 33–416a. Vagrancy — Narcotic drug used — Penalties — Conditions imposed.

\* \* \* \* \*

(b) For the purpose of this section—

(1) the term "vagrant" shall mean any person who is a narcotic drug user or who has been convicted of a narcotic offense in the District of Columbia or elsewhere and who—

\* \* \* \* \*

(B) is found in any place, abode, house, shed, dwelling, building, structure, vehicle, conveyance, or boat, in which any illicit narcotic drugs are kept, found, used, or dispensed \* \* \*.

which included appellant, in conversation in the course of which narcotics paraphernalia was observed in the vehicle's open glove compartment. Thereafter, along with the others, appellant was arrested and charged with the violation for which he was subsequently convicted.

Appellant's principal thesis here is that the Narcotic Vagrancy statute is unconstitutional, essentially on three grounds.[2]

First, he argues that the statute is void for vagueness in that it could be applied unreasonably in hypothetical situations. That argument was recently expressly rejected by this court, Brooke v. United States, D.C.App., 208 A.2d 726 (1965), and we reject it here.

Second, appellant claims that the statute imposes cruel and unusual punishment, and points to the often-cited decision of the Supreme Court in Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), in which a statute making narcotic addiction a criminal offense was struck down. It is apparent that Robinson has no application here. Unlike the California statute condemned by the Court, our statute requires something more than a mere showing of the "status" of narcotic addiction in order to establish a violation.

Finally, appellant asserts that the statute is unconstitutional because it does not require proof of intent. Twice before, the same argument was made and rejected by this court. Jenkins v. United States, D.C.Mun.App., 146 A.2d 444 (1958); Harris v. United States, D.C.App., 162 A.2d 503 (1960). We have re-examined the argument, and find no reason for departing from our previous decision.

Affirmed.

2. He argues preliminarily that an unlawful search and seizure produced the evidence, the narcotics paraphernalia, upon which his conviction depended, but concedes that that argument depends upon the asserted invalidity of the statute.