**Henry C. WILSON, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 19675.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 14, 1966.

Decided Aug. 3, 1966.

Mr. Norman M. Garland, Washington, D. C., (appointed by this court) for appellant.

Mr. Henry J. Monahan, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER, Senior Circuit Judge, and DANAHER, Circuit Judge.

DANAHER, Circuit Judge:

In the District of Columbia Court of General Sessions this appellant was convicted of narcotics vagrancy under D.C. CODE § 33–416a(b) (1) (B) (1961), which applies to any "vagrant" as defined in the Act who

"is found in any place, abode, house, shed, dwelling, building, structure, vehicle, conveyance, or boat, in which any illicit narcotic drugs are kept, found, used, or dispensed."

The District of Columbia Court of Appeals affirmed[1] after noting that Wilson's "principal thesis here is that the Narcotic Vagrancy statute is unconstitutional." We granted the appellant's petition for allowance of an appeal.

The Government tells us:

"In the opinion of appellee, the following question is presented:

"Whether 33 D.C.C. § 416a (i), as construed by the District of Columbia Court of Appeals, denied appellant due process of law under the Fifth Amendment?"

Despite the Government's submission of the question in that form, we need not reach the issue of constitutionality. Subsection 416a(i) provides:

"(i) In all prosecutions under the provisions of this section [33–416a], the burden of proof shall be upon the defendant to show that he has *lawful employment* or has *lawful means of*

*support* realized from a lawful occupation or source." (Emphasis added.)

Our study of the record discloses that there was no issue respecting Wilson's "lawful employment." There was no inquiry as to whether or not he "has lawful means of support realized from a lawful occupation or source." Neither of these alternatives seems to have been involved in the information filed in the trial court. There the Government had charged and had offered evidence only to show that on October 19, 1964, this appellant had been "found" in a "vehicle" in which "illicit" narcotic drugs were "kept, found, used, or dispensed." The language of the subsection in question, set forth above, unlike subsection (A) or subsection (C) of section 416a, for example, does not specify that conviction may follow if the vagrant defined in section 416a(b) (1) "fails to give a good account of himself." We can not assume that the omission of such language was other than purposeful, and certainly the record here discloses no proper foundation[2] for an application of subsection 416a(i), *supra*.

The evidence of record discloses that officers attached to the Narcotics Squad approached an automobile in the early afternoon of October 19, 1964. Three men were in the front seat while in the rear seat was the appellant with one Garnett (who was not arrested). Officers asked the driver for his permit, which was produced. They asked the owner of the car, also in the front seat, for the car registration, which according to the testimony, was thereupon removed from the glove compartment. An officer testified he then could see paraphernalia of a type utilized by narcotics users. The police next searched the car and found "in the space behind the rear seat" a

---

1. Wilson v. United States, 212 A.2d 805, 806 (D.C.App.1965).

2. In a prosecution under D.C.CODE § 22–3302 (1961), the District of Columbia Vagrancy Act, we stated that the words not giving "a good account of himself" mean "not giving a good account when a question has been followed up by an or-

der or demand. Since appellant was never confronted with an order or demand to explain her presence in the street, her conviction must be reversed." Beail v. District of Columbia, 91 U.S.App.D.C. 110, 111, 201 F.2d 176, 177 (1952). Cf. Freeman v. United States, 116 U.S.App. D.C. 213, 214, 322 F.2d 426, 427 (1963).

**668**

needle, a bottle-cap cooker and an eye-dropper syringe.

The appellant testified that he had left the Court of General Sessions on the morning of the 19th before or around noontime. He had been picked up by his friends who were to give him a ride back to his home in northeast Washington. They were waiting to have repairs made to the speedometer when the officers approached the car. Wilson admitted that he had twice been convicted of violations of the Harrison Narcotics Act but he testified that he knew nothing about and had not seen the various items said to have been narcotics paraphernalia.

We fail to perceive any issue deriving from this appellant's mere presence as a passenger in the back seat of the car which gives rise to placing upon him a burden of proof within the meaning of D.C.CODE § 33–416a(i), *supra*.

Reversed.

BAZELON, Chief Judge (concurring):

Like Judge Danaher, I think that subsection (i) of the narcotics vagrancy act does not apply to subsection (b) (1) (B) of that act.[1] But I also think that guilt under subsection (b) (1) (B) requires a finding that the defendant had some knowledge of the presence of narcotics in the "place, abode, house," etc. where he was found. Otherwise, the severe limita-

tions on freedom of movement as to places and persons would raise serious constitutional questions.[2]

Since the requisite knowledge was not shown here, appellant's conviction cannot be sustained. Accordingly, I join in Judge Danaher's disposition.

WILBUR K. MILLER, Senior Circuit Judge, dissents.

---

1. D.C.Code § 33–416(a) (1961) states in part:
   "(b) For the purpose of this section—
   "(1) the term 'vagrant' shall mean any person who is a narcotic drug user or who has been convicted of a narcotic offense in the District of Columbia or elsewhere and who—
   * * * * *
   "(B) is found in any place, abode, house, shed, dwelling, building, structure, vehicle, conveyance, or boat, in which any illicit narcotic drugs are kept, found, used, or dispensed;
   * * * * *
   "(i) In all prosecutions under the provisions of this section, the burden of proof shall be upon the defendant to show that he has lawful employment or

has lawful means of support realized from a lawful occupation or source."

2. "Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage. Travel abroad, like travel within the country, may be necessary for a livelihood. It may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." Kent v. Dulles, 357 U.S. 116, 126, 78 S.Ct. 1113, 1118, 2 L.Ed.2d 1204 (1958). '[F]reedom of travel is a constitutional liberty closely related to rights of free speech and association." Aptheker v. Secretary of State, 378 U.S. 500, 517, 84 S.Ct. 1659, 1669, 12 L.Ed.2d 992 (1964).