**Ronald HUGHES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1–678A177.

Supreme Court of Indiana.

Sept. 11, 1979.

Robert F. Hellmann, Terre Haute, for appellant.

Theodore L. Sendak, Atty. Gen., Carol A. Leatherman, Deputy Atty. Gen., Indianapolis, for appellee.

[For opinion of Court of Appeals see 385 N.E.2d 461.]

GIVAN, Chief Justice, dissenting opinion to denial of transfer.

I respectfully dissent to the majorities' decision to deny the petition to transfer. I concur in the result of one issue in the Court of Appeals opinion, but believe further clarification is necessary to deter future confusion.

In that opinion, the Court of Appeals held that the defendant's arrest was illegal because the bench warrant had become void upon the expiration of the term of court in which it was issued. *Dearing v. State* (1951) 229 Ind. 131, 95 N.E.2d 832, was incorrectly cited for this proposition. *Dearing* states, at 229 Ind. at 137, 95 N.E.2d at 835:

"In the opinion of the writer the bench warrant for the arrest of appellant issued by the court on April 19, 1948, became non-effective and extinct with the close of the April, 1948 term of that court, and it was the duty of the sheriff to whom it was issued to return it with a notation of his action thereon, before the close of the term at which it was issued. . . . However, other members of the court do not agree with this statement."

The previous term time and vacation time of courts were abolished by IC § 33–1–6–1 [Burns' 1975] in 1968. That statute fixes the calendar year as the term of court for all courts in Indiana. Furthermore, TR 72(A) reflects the legislative purpose by stating:

"(A) *Trial courts always open.* The trial courts shall be deemed always open for the purpose of filing any pleading or other proper paper, of issuing and returning mesne and final process and of making and directing all interlocutory motions, orders, and rules. Terms of court shall not be recognized."

Nor do I find further decisions in support of or in reliance on the proposition in *Dearing, supra.* On the contrary, in *Wilson v. U. S.* (1963) 117 U.S.App.D.C. 28, 325 F.2d 224, *cert. denied* (1964) 377 U.S. 1005, 84 S.Ct. 1941, 12 L.Ed.2d 1053, an arrest warrant issued on April 12, 1962, reciting a narcotics offense by the defendant on January 3, 1961, permitted the arrest and search of the defendant in September, 1962. The District of Columbia Court of Appeals in *Brooke v. U. S.* (D.C.App.1965) 208 A.2d 726, held that an arrest warrant does not become void by mere passage of time. Thus, I believe that the Court of Appeals erroneously determined that Hughes' arrest was illegal based

on the notion that a bench warrant expires with the term of court in which it was issued.

However the bench warrant had expired in accordance with IC § 35–1–17–2(c) [Burns' 1979], which states in part:

"(c) A warrant of arrest for an offense other than a felony expires one hundred eighty (180) days after it is issued."

The warrant for Hughes' arrest had been issued on May 26, 1976, after he failed to appear for a misdemeanor (traffic violation) hearing. It was executed on July 13, 1977, 14 months later. Thus the warrant had expired and the arrest was illegal.

The Court of Appeals held that the trial court erred in concluding that the defendant's confession and admission to his girlfriend were admissible. The court held that the defendant's admission to his girlfriend should have been suppressed because the statement was so casually connected to his prior confession as to be admissible. Although I agree with the opinion as to the confession, I disagree with respect to the admission.

The State, in its petition to transfer, argues that the statement was admissible based on (1) the statement was made nearly a week after the arrest of the defendant; (2) the statement was voluntarily given in answer to a question by the defendant's girlfriend, who asked if the defendant had "raped that woman"; and (3) the casual link between this statement and the illegal arrest and detention was so attenuated that the statement was the voluntary product of the defendant's free will.

I do not find this admission to be involuntary. The statement was not the product of his illegal detention coerced by law enforcement officials through inducement, violence or threats to overcome the free will of the defendant. *Nacoff v. State* (1971) 256 Ind. 97, 267 N.E.2d 165. Nor do I believe the statement to be so tainted by the illegal arrest and detention as to be inadmissible. *Williams v. State* (1976) 264 Ind. 664, 669, 348 N.E.2d 623, 628, quoting *Wong Sun v. U. S.* (1963) 371 U.S. 471, 486, 83 S.Ct. 407, 416, 9 L.Ed.2d 441, 454.

Therefore, because of the erroneous statement concerning the warrant and the erroneous holding concerning the defendant's statement of his girlfriend, I would grant the State's petition to transfer, vacate the opinion of the Court of Appeals and reverse the judgment of the trial court.

PIVARNIK, J., concurs.