DEARING v. STATE OF INDIANA.

[No. 28,687. Filed January 9, 1951.]

*Theodore Lockyear* and *James D. Lopp,* both of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *George W. Hand,* Deputy Attorneys General, for appellee.

GILKISON, J.—On May 19, 1949, appellant (pro se) filed his verified petition for writ of error coram nobis with "memorandum brief" in the Dubois Circuit Court. On January 24, 1950 the state filed its demurrer to the petition, and a hearing thereon was fixed for February 16, 1950. On February 16, 1950, Lockyear and Lopp, attorneys appeared for appellant and filed an amended petition. On March 2, 1950, appellant, by his attorneys, filed a second paragraph of amended petition. On

March 8, 1950 the State filed its answer denying the allegations contained in rhetorical paragraphs 1 to 12 inclusive of each paragraph of appellant's petition, being all the rhetorical paragraphs contained in each paragraph thereof. The cause was tried on May 11, 1950, and appellant's petition was denied. From the order denying the petition this appeal is taken.

Briefly, the petition avers and the documentary evidence shows that an affidavit charging appellant with forgery was filed by the state in the Dubois Circuit Court as cause No. 6940, on April 19, 1948, and a bench warrant was issued on this affidavit, and placed in the hands of the Sheriff for service and return; but appellant was not arrested. The action was dismissed by the State on November 9, 1948 without any arrest of appellant and without his knowledge. The order of dismissal is contained in Order Book 48 page 51 of the Dubois Circuit Court and omitting caption and signature, is as follows: "Upon motion of the Prosecuting Attorney, said cause is now dismissed." Thereafter, on April 8, 1949, the Sheriff of Dubois County arrested appellant on the stale bench warrant noted and held him in the Dubois County jail. Thereafter, on April 12, 1949, an affidavit was filed in the Dubois Circuit Court, charging appellant with forgery in precisely the same words as the affidavit filed on April 19, 1948 in cause No. 6940 in that court. On April 12, 1949, a bench warrant was issued for the arrest of appellant on the affidavit that day filed against him. It was served on appellant on that date, and he was taken before the court for arraignment and plea on that date at about eleven o'clock A. M.

The affidavit to which appellant was required to plead, had not been on file to exceed two hours when he was arraigned and entered his plea.

Appellant's undisputed evidence was that he was arrested about 7:15 on the night of April 8, 1949 at Huntingburg. The arresting officer did not read to, nor show him a warrant. He was taken to the state police post north of Jasper where he was kept until about 1:15 the next morning. He was then taken to the Dubois County jail where he remained until his arraignment, except they took him back to the police post twice for questioning. He tried in every way he knew to contact a lawyer. He asked the state policeman, Forrest Waggoner, to let him get a lawyer. He asked the sheriff to call attorney, Earl Schmadel, of Evansville, but the sheriff did not do so. He did not get to call an attorney. He asked to call other folks, but did not get to do so. He did not get to call friends, associates or relatives. He was very ill and fainted in jail on the morning of April 12, 1949 and the sheriff got a doctor, and gave him a pill. A little later that morning about eleven o'clock they took him to court. He had heard that about a year before there was supposed to be a charge of forgery against him in Dubois County but the prosecutor, Horace Kean, told him there was no such charge pending against him. He did not know on April 12, that he was pleading to that charge of forgery, and he did not then understand the nature of the charge against him. He was very sick when he was before the court. He did not know the court would give him an attorney. He wanted an attorney. Mr. Schmadel had been his attorney in some matters previously. He had no opportunity to consult with an attorney after his arrest and before his arraignment and plea. He did not know he was entitled to have an attorney. He is not guilty of the forgery charge. He is thirty-one years old.

Sheriff Feribach of Dubois County among other things material to the issues testified that he had ap-

pellant in jail about seven days immediately before he was taken to prison. After examining his return on the warrant issued in cause No. 6490, he said he had appellant in jail from April 8 to April 12, 1949 inclusive, on the warrant issued in that case. During that time appellant asked him to call a lawyer for him. He did not call a lawyer nor permit appellant to call a lawyer for himself. He told appellant to take the matter up with the judge when they took him over before him. He was brought to the jail by state policeman, Forrest Waggoner.

On April 14, 1949 the Judge filed with the clerk a transcript of all the questions and answers and statements made by appellant in connection with his arraignment and sentence in cause No. 6557 on April 12, 1949.

Among other things it shows that the judge read the forgery statute, Sec. 10-2102, Burns' 1942 Replacement, to appellant; told him he had a right to have a jury trial and to be represented by counsel, and asked him if he had an attorney to represent him in the matter and appellant answered "No Sir." The judge then asked if he desired an attorney, and he replied "I don't think so." The judge then asked: "Do you have money or means with which to employ counsel" and appellant answered "No Sir." The judge then said: "I believe you said to me that you didn't think you desired an attorney to represent you?" To which appellant answered "Yes, your Honor." The affidavit was then read by the prosecuting attorney after which the Judge said: "What is your plea?" Appellant answered: "I plead guilty." The Judge then sentenced him.

It is noticeable that the judge did not advise appellant that he was entitled to have competent counsel

represent him at public expense even though he was without money or means to pay counsel himself. See *Batchelor* v. *State* (1920), 189 Ind. 69, 77, 78, 125 N. E. 773.

The bench warrant upon which appellant was arrested and held in the Dubois County jail for five days, from April 8, 1949, to April 12, 1949 inclusive, was issued by the Dubois Circuit Court on April 19, 1948, at the April 1948 term of the court. Under the statute (Sec. 4-332, Burns' 1946 Replacement [1949 Supp.]; Acts 1947, Ch. 7, § 3, p. 39) that term of court began on the first Monday in April and continued eight weeks, ending May 29, 1948. In the opinion of the writer the bench warrant for the arrest of appellant issued by the court on April 19, 1948, became non-effective and extinct with the close of the April, 1948 term of that court, and it was the duty of the sheriff to whom it was issued to return it with a notation of his action thereon, before the close of the term at which it was issued. Sections 9-1002, 9-1034, Burns' 1942 Replacement; *Oxford* v. *Berry* (1918), 204 Mich. 197, 211; Black's Law Dictionary, *Bench Warrant;* 10 C. J. S., Bench Warrant, p. 246; 16 C. J., Criminal Law, *Bench Warrant,* § 710, p. 386. It gave no authority to the sheriff to arrest appellant on April 8, 1949, nor to hold him in the Dubois County jail thereafter. However, other members of the court do not agree with this statement. But the members of the court unanimously agree that when the cause was dismissed on November 8, 1948, the bench warrant issued in the cause ceased to exist and the arrest and incarceration thereon on April 8, 1949 was a clear trespass upon appellant's right to liberty under Art. 1, § 1, Indiana Constitution. Black's Law Dictionary, *Arrest,* p. 141.

The Constitution of Indiana guarantees a defendant charged with crime the right to be heard by himself and counsel. Art. 1, § 13. This section of the Constitution contemplates that a defendant shall have the right to consult with counsel at every stage of the proceedings against him. *Suter* v. *State* (1949), 227 Ind. 648, 657, 88 N. E. 2d 386; *Bradley and Taylor* v. *State* (1949), 227 Ind. 131, 135, 84 N. E. 2d 580; *Todd* v. *State* (1948), 226 Ind. 496, 510, 81 N. E. 2d 530, 81 N. E. 2d 784, 82 N. E. 2d 407; *Hoy* v. *State* (1947), 225 Ind. 428, 432, 75 N. E. 2d 915; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 77, 78, 125 N. E. 773, 776, *supra*. When appellant was arrested by policeman Waggoner, it was the policeman's duty to deliver appellant to the sheriff of the county at the county jail in the county where the cause was pending. He had no right to imprison him at police barracks. When appellant was delivered to the sheriff and incarcerated in the county jail, it was the duty of the sheriff to keep him in the jail. The sheriff had no right to release him to the state police officers to be removed from the jail and taken to police barracks or elsewhere. When appellant was in the Dubois County jail and asked the sheriff—his jailer—for a consultation with an attorney, it was the duty of the sheriff to take the matter up with the court without unnecessary delay, and it is the duty of the court to see that the request was complied with, if there was an action pending against him. If there was no action pending against him the sheriff had no right to detain him. It was wholly improper under the conditions existing to require appellant to wait until arraignment, days afterward to procure an attorney from the court. The propriety of requiring or permitting appellant to enter a plea of guilty within two hours after the filing of the charge against him is questionable. Each of these

wrongful actions and omissions by the respective state authorities constitutes denials of appellant's constitutional rights which must be charged to the state. *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 77, 125 N. E. 773, *supra*. Of course, when a plea of guilty is made by a defendant advisedly, and with full knowledge of his rights and the consequences of such plea, it amounts to a judicial confession of the crime and a waiver of his right to a trial by jury, *Hoelscher* v. *State* (1944), 223 Ind. 62, 68, 57 N. E. 2d 770; but before entering such plea a defendant has a right to consult with counsel learned in the law and to be fully advised as to his rights and as to the consequences of his act. *Batchelor* v. *State, supra,* pages 76, 77, 78 and cases there cited.

The position of this court with respect to the hasty acceptance of pleas of guilty by defendants who are not represented by counsel, has been well stated, thus:

"This court has expressed disapproval of trial courts receiving a plea of guilty from defendants charged with a serious crime, who are not represented by counsel, until 'after reasonable inquiry into the facts to discover whether a plea of guilty is entered freely and understandingly.'"

*Cassidy* v. *State* (1929), 201 Ind. 311, 321, 168 N. E. 18; *Rhodes* v. *State* (1927), 199 Ind. 183, 194, 156 N. E. 389; *Dobosky* v. *State* (1915), 183 Ind. 488, 491, 109 N. E. 742; *Mislik* v. *State* (1915), 184 Ind. 72, 76, 110 N. E. 551; *Bielich* v. *State* (1920), 189 Ind. 127, 132, 126 N. E. 220; *Hoelscher* v. *State* (1944), 223 Ind. 62, 68, 57 N. E. 2d 770, *supra; State ex rel. McManamon et al.* v. *The Blackford Circuit Court et al.* (1950), 229 Ind. 3, 95 N. E. 2d 556, concurring opinion, p. 562. Both this court and the United States Supreme

Court have consistently held that, there can be no valid judgment against a defendant in a criminal case unless he has been offered, and, if so desired, provided with adequate counsel. *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 510, 29 N. E. 2d 405; *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 468, 82 L. Ed. 1461, 1468. The court erred in failing to advise appellant, on his arraignment, that he was entitled to have competent counsel represent him at public expense if he was without money, means or credit to pay for it himself.

The order of the trial court denying appellant's petition under the circumstances noted herein was an abuse of discretion. Since another trial of the coram nobis proceeding would necessarily be upon the same evidence the order is reversed with instructions to the trial court to sustain the petition; to permit appellant to withdraw his plea of guilty, to enter his plea of not guilty and for further action agreeable with this opinion.

Draper, J., concurring in result.

Jasper, J., concurring in result.

NOTE.—Reported in 95 N. E. 2d 832.