## CAMPBELL v. STATE OF INDIANA.

[No. 28,704. Filed February 26, 1951.]

*James C. Cooper,* Public Defender, for appellant.

*J. Emmett McManamon,* Attorney General, *George W. Hand,* Deputy Attorney General, and *Robert Mc-Crea,* Prosecuting Attorney, 10th Judicial Circuit, for appellee.

GILKISON, J.—Appellant filed his petition for writ of error coram nobis in the trial court on November 15, 1949. An amended petition was filed March 18,

1950. The court denied the amended petition after a proper hearing and ordered appellant to be returned to the Indiana State Prison on June 23, 1950. From the denial and order this appeal is taken.

The undisputed records and evidence in the case show that an approved affidavit, charging appellant with the crime of grand larceny, was filed in the Monroe Circuit Court on May 8, 1948. A warrant was issued thereon and appellant appeared in person, was arraigned, and asked two days time before entering a plea. The intrinsic record shows that at that time he "was advised of his constitutional rights and the penalty imposed by statute for the offense charged." On June 5, 1948, appellant in person and without an attorney entered a plea of guilty to the charge, the court then found him guilty and fixed his punishment at a fine of twenty-five dollars, and that he be sentenced to the Indiana State Prison for not less than one nor more than ten years and that he be disfranchised and rendered incapable of holding any office of trust or profit for five years. His sentence was suspended during good behaviour. The suspension was revoked September 15, 1948, and appellant was sentenced "anew" to the Indiana State Prison for not less than one nor more than ten years. We do not approve the procedure of sentencing a defendant anew on revoking a suspension of a sentence.

The petition avers, and the evidence is undisputed, that appellant was arrested sometime in April 1948, and confined in the Monroe County Jail on a charge of public intoxication. While he was in jail on this charge, the grand larceny charge was filed against him. He had no counsel. He did not know he had a right to have counsel and the court did not advise him of his right to have counsel at any time. The court did not

offer to provide counsel for him if he was without means to hire counsel.

Unfortunately the trial court, in taking this plea of guilty, did not see fit to follow Rule 1-11 of this court which has been effective since December 1, 1946. A careful observance of this rule by all courts having jurisdiction of criminal cases, in taking pleas of guilty, is designed as a protection to judgments rendered on such pleas, and to prevent the all-too-frequent filing of coram nobis proceedings. It seems to be quite superfluous to say again that this court disapproves of trial courts receiving a plea of guilty from a defendant charged with a serious crime, who is not represented by counsel, until after reasonable inquiry into the facts to discover whether the plea is entered freely and understandingly. *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832 and cases there cited.

One of the reasons for the adoption of Rule 1-11, *supra*, by this court is to provide an unimpeachable record showing the extent of the inquiry into the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly. Without such record the trial court is, by its own volition, shorn of the procedural facts that might protect its judgment from attack.

Appellant claims he was under the influence of drugs when he was arraigned and when he entered his plea of guilty. It is not necessary to pass upon this proposition, since the judgment must be reversed for other reasons.

There is no contention on the part of the state that anything was ever said to appellant at the time of his arraignment or plea or at any other time about his right under the constitution to have the advice of

counsel. Art. 1, § 13, Indiana Constitution; Amendment 14, § 1, United States Constitution. There is no contention that he ever waived this right.

The right of a defendant who is charged with crime to be represented by counsel is not open to question in this state. *Bradley and Taylor* v. *State* (1949), 227 Ind. 131, 135, 84 N. E. 2d 580, and cases there cited; *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832, *supra.* He is entitled to counsel at every stage of the proceedings. *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 125 N. E. 773.

When appellant was in court and for many days before, he was in custody of the officers of the court. There is no showing whatever that the judge of the court at any time told appellant that he had a right to have a lawyer; or that the judge inquired whether appellant had means with which to employ a lawyer, or informed appellant that the court would appoint a lawyer for him at public expense if he had no means to employ one; or that he directed any officer of the court to call a lawyer to consult with appellant. Under this state of facts appellant cannot be held to have waived his right to have counsel. *Batchelor* v. *State* (1920), 189 Ind. 69, 77, 78, *supra.* Under the repeated decisions of this court and the United States Supreme Court this constitutes a denial of a constitutional right and violates the "due process" clause of the United States Constitution—Amendment 14, § 1, and the "due course of law" clause of the Indiana Constitution, Art. 1, §§ 12 and 13. *Powell* v. *Alabama* (1932), 287 U. S. 45, 53, 77 L. Ed. 158, 162; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 125 N. E. 773, 775, *supra; Suter* v. *State* (1949), 227 Ind. 648, 657, 88 N. E. 2d 386; *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 442, 81 N. E. 2d 782; *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832, 835, *supra;*

*Todd* v. *State* (1948), 226 Ind. 496, 508, 81 N. E. 2d 530, 81 N. E. 2d 784, 786, 82 N. E. 2d 407.

The rule that a proceeding to vacate a judgment rendered upon a plea of guilty and permit a withdrawal of the plea is addressed to the sound discretion of the trial court, does not prevail where the defendant has been denied his rights under §§ 12 and 13, Art. 1 of the Constitution of Indiana. *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 443, 81 N. E. 2d 782, *supra; Kuhn* v. *State* (1944), 222 Ind. 179, 193 et seq., 52 N. E. 2d 491; *Wilson* v. *State* (1943), 222 Ind. 63, 78, 51 N. E. 2d 848. *Cassidy* v. *State* (1929), 201 Ind. 311, 319, 168 N. E. 18. When these rights have been denied all procedural rules that would prevent their consideration or leave them to the discretion of the trial court must yield to the fundamental principles of "due process" and "due course of law." *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 443, 81 N. E. 2d 782, *supra; Wilson* v. *State* (1943), 222 Ind. 63, 78, 51 N. E. 2d 848, *supra; Todd* v. *State* (1948), 226 Ind. 496, 508, 81 N. E. 2d 784, 786, 82 N. E. 2d 407, *supra.* When the constitutional requirements for "due process" or "due course of law" are denied or ignored all proceedings in the case thereafter are clearly void. *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 82 L. Ed. 1461, 1468. *State ex rel. McManamon et al.* v. *Blackford Circuit Court* (1950), 229 Ind. 3, 95 N. E. 2d 556, 563, and cases cited.

That the intrinsic record in the case may show that at his arraignment appellant was "advised of his constitutional rights" carries no presumptions as against appellant's verified petition for writ of error coram nobis directly and specifically charging a denial of constitutional rights nor in other proceedings where such rights have been denied. As against this petition this court can indulge no presump-

tions that appellant was ever offered counsel by the court at any time, nor that his constitutional rights to a jury trial were explained to him or that he had a right to have counsel to represent him. See authorities *Todd* v. *State* (1948), 226 Ind. 496, 509, *supra*. When, as in this case the verified petition is introduced in evidence it becomes competent proof of the facts therein contained. If the trial judge or the prosecuting attorney know of any facts contradicting the averments contained in appellant's petition they must put such contradictory facts in evidence so that this court may know from the record fully the facts upon which the plea was accepted and entered, and the judgment is based. *Kuhn* v. *State* (1944), 222 Ind. 179, 197, *supra; Nahas* v. *State* (1927), 199 Ind. 117, 120, 155 N. E. 259; *Farnsley* v. *State* (1925), 196 Ind. 722, 728, 149 N. E. 436; *Bielich* v. *State* (1920), 189 Ind. 127, 132, 126 N. E. 220; *East* v. *State* (1929), 89 Ind. App. 701, 704, 168 N. E. 28.

For the reasons given the judgment of the lower court is reversed, with instructions to find for the petitioner, to permit him to withdraw his plea of guilty, to enter a plea of not guilty and for further proceedings agreeable with this opinion.

NOTE.—Reported in 96 N. E. 2d 876.