THACKER *v*. STATE OF INDIANA.

[No. 468S62. Filed September 23, 1970. No petition for rehearing filed.]

*William R. McCain, George A. Hopkins,* of Kokomo, for appellant.

*Theodore L. Sendak,* Attorney General, *Curtis C. Plopper,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a ruling of the Pulaski Circuit Court wherein that court overruled appellant's verified motion to vacate judgment on a plea of guilty and to withdraw the plea of guilty and enter a plea of not guilty. Appellant also filed a motion requesting a hearing on the above stated motion to withdraw, which hearing the Pulaski Circuit Court refused to grant.

On April 22, 1965, appellant and one Robert Breaux were arrested and charged jointly on a charge of first degree burglary. On May 25, 1965, appellant's attorney, Charles Boomershine, filed a motion to quash which was overruled. At that same time the trial court granted Breaux's motion for separarate trial. On July 12, 1965, appellant appeared in person and

by his counsel and pleaded not guilty. Trial was set for November 1, 1965, at which date trial was continued to December 6, 1965, at request of appellant. At the same time, Attorney Boomershine withdrew his appearance on behalf of the appellant. On November 30, 1965, the state filed an amended affidavit charging the appellant with second degree burglary. The appellant without benefit of counsel entered a plea of guilty. On February 16, 1966, appellant was adjudged guilty of second degree burglary and sentenced to the Indiana Reformatory.

On April 20, 1967, appellant, being confined in the Indiana Reformatory and without counsel, began a series of motions and petitions to the Pulaski Circuit Court. Between April 20, 1967, and July 11, 1967, the appellant filed, *pro se,* a petition for Writ of Habeas Corpus, a Motion to Vacate Judgment, a Motion to Withdraw Plea of Guilty and Remand the Cause for Trial by Jury, a Verified Motion to Withdraw the Plea of Guilty, and a Belated Motion for New Trial. Each of these motions was denied on the same day filed and no steps were taken to perfect an appeal from the overruling of any motion.

On January 15, 1968, appellant through counsel filed a verified motion to vacate judgment and to withdraw the plea of guilty and enter a plea of not guilty. Accompanying the above motion was appellant's motion to set a hearing date at which the appellant might give evidence in support of the above motion to vacate. It is the overruling of these two motions which the appellant now appeals as error.

The first issue thus presented is whether the trial court erred in overruling appellant's motion for a hearing on his motion to vacate judgment and withdraw his plea of guilty.

Generally, a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court. *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444.

Where the trial court overrules a motion to withdraw a plea of guilty this court, on appeal, will indulge a presumption in

favor of the trial court's ruling. *Lamick* v. *State* (1924), 196 Ind. 71, 147 N. E. 139.

> This court will generally not disturb the ruling of the trial court where such ruling was based on conflicting evidence. *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433.

It is only where the trial court has abused its discretion in overruling appellant's motion to withdraw a plea of guilty that this court will disturb such ruling.

Where such abuse is shown this court will reverse even though the appellant did not move to withdraw his guilty plea until after judgment has been rendered. *Atkinson* v. *State, supra.*

The appellant's verified motion to vacate reads in part as follows:

> "12. That said plea was not freely and understandingly made for the following reasons:
>
> a. At the time of the plea, William Thacker was not represented by counsel nor did the Court advise him of his right to be represented.
>
> b. That William Thacker did not understand the nature of the charge against him.
>
> c. That at the time of the plea William Thacker was unaware of his Constitutional rights such as the right to a jury trial and the right to remain silent.
>
> d. That the Court failed to advise William Thacker of his Constitutional rights.
>
> e. That William Thacker was required to plead to the offense of Second Degree Burglary without adequate time to consider the nature of such action or to seek advice from counsel."

The allegations of the appellant were uncontroverted by the State which offered no counter affidavit or answer of any nature to rebut the appellant's allegations. Nor can these allegations be held to be controverted by the record of the arraignment. The record there consists of the following:

"Upon arraignment on the charge made in said amended affidavit, the said defendant, William Thacker, waives his right to be represented by counsel and his other constitutional rights, and enters a plea of guilty of the offense of second degree burglary as charged in said amended affidavit."

The above record is but a mere docket entry. It is not a complete record of the proceedings at the arraignment as required by Supreme Court Rule 1-11 (now Criminal Rule 10). Such record is insufficient to discern what actually took place at arraignment. The record offers a mere docket entry insufficient to establish that appellant's constitutional rights were protected or that he freely and understandingly entered his plea of guilty. This entry is not in accord with Supreme Court Rule 1-11 (now Criminal Rule 10), which reads in part as follows:

"Whenever upon arraignment a plea of guilty to an indictment or affidavit charging a felony is accepted from any defendant who on the date of arraignment or on a later day is sentenced upon said plea the judge shall cause the court reporter to record the entire proceedings in connection with such arraignment and sentencing, including question, answers, statements made by the defendant and his attorney, if any, the prosecuting attorney and the judge, and promptly thereafter to transcribe the same in form similar to that in general use as a transcript of evidence in a trial. When so transcribed the same shall be submitted to the judge who shall certify that it is a true and complete transcript of such proceedings and shall order the same filed as a part of the record and cause an order book entry of the filing thereof to be made by the clerk. Thereafter in any proceeding questioning the validity of such arraignment, plea of guilty or judgment rendered thereon such transcript shall be taken and considered as the record of the proceedings transcribed therein and upon appeal over the certificate of the clerk or a copy of said transcript may be included in a bill of exception."

It was the duty of the trial court to make reasonable inquiry into the facts to discover whether a plea of guilty was entered into freely and understandingly. *Dearing* v. *State* (1951) 229 Ind. 131, 95 N. E. 2d 832.

Clearly here either no such inquiry was made or no record was made at the time of such inquiry as required by Supreme Court Rule 1-11 (now Criminal Rule 10). The importance of establishing such a record was discussed in *Campbell* v. *State* (1951), 229 Ind. 198, 96 N. E. 2d 876, wherein this court said:

"It seems to be quite superfluous to say again that this court disapproves of trial courts receiving a plea of guilty from a defendant charged with a serious crime, who is not represented by counsel, until after reasonable inquiry into the facts to discover whether the plea is entered freely and understandingly. . . .

One of the reasons for the adoption of Rule 1-11, *supra*, by this court is to provide an unimpeachable record showing the extent of the inquiry into the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly. Without such record the trial court is, by its own volition, shorn of the procedural facts that might protect its judgment from attack."

Recognizing that the *Campbell* case involved a *coram nobis* proceeding, which has since been abrogated by this court, the principle enunciated above is nonetheless valid.

If a sufficient record were available to the trial court so that it may discern whether the constitutional rights of the defendant at time of arraignment were in fact protected and the defendant freely and understandingly entered his plea of guilty, such record controverting the defendant's allegations, the record might be sufficient to support the trial court's sound discretion in refusing to grant a hearing on the motion. The true essence of such a situation is posed in the question "Were there sufficient facts available to the trial court to enable it to make a reasonable ruling on defendant's motion to Vacate Judgment and Withdraw the Plea of Guilty?" Clearly in the instance at hand such facts were not available to the trial court. The state offered no evidence in rebuttal to defendant's motion. The trial record being but a docket

entery does not offer substantial evidence to refute defendant's allegations.

We hold therefore that denial of appellant's motion for hearing was error. Having thus held we do not at this time consider whether the trial court erred in overruling appellant's verified motion to vacate judgment and withdraw a plea of guilty.

Judgment of the trial court is reversed with instruction to grant appellant's motion for hearing on his verified motion to vacate judgment and withdraw plea of guilty.

Hunter, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 189.