RONALD JAMES OSBORNE *v.* STATE OF INDIANA.

[No. 474S85. Filed October 29, 1974.]

*Harriette Bailey Conn* (Mrs.), Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

GIVAN, J—This is an appeal from a judgment denying a petition for post-conviction relief.

The record discloses the following facts. On June 30, 1966, the appellant was charged by affidavit in two counts: Count (1) kidnapping; and Count (2) armed robbery. The trial court appointed counsel to represent the appellant. After first entering a plea of not guilty, the appellant and the prosecut-

ing attorney entered into a plea bargaining session which resulted in appellant's withdrawing his plea of not guilty to the offense of armed robbery and entering a plea of guilty to that offense. The prosecuting attorney dismissed the kidnapping charge.

The appellant now states he agreed to this arrangement after being assured by the court-appointed counsel that there was little chance that he would receive the maximum sentence for armed robbery, and that he would probably receive the minimum sentence. However, the trial judge, upon receipt of the plea of guilty of armed robbery, did in fact sentence the appellant to the maximum term of twenty (20) years.

It is now contended by the appellant and conceded by the State that although the trial court made a transcript of the arraignment, the trial court failed to cause a transcript to be made of the sentencing of the appellant, contrary to the requirements of Criminal Rule 10. It is now appellant's contention that he is unable to prove any remarks made by the trial judge at the time of sentencing because of the absence of the transcript. He, therefore, reasons that he was denied due process of law and is therefore entitled to the granting of his petition for post-conviction relief.

We do not agree with appellant in this contention. No where in this record do we find statements by the appellant as to the nature of any possible remarks made by the trial judge or the manner in which such statements mislead the appellant or caused him to enter his plea of guilty or appear for sentencing thereon without full knowledge of the consequences thereof.

This Court has long recognized the importance of the making of a transcript at the time a court receives a plea of guilty and sentences an accused. The reasons for such a transcript and the consequences of its absence were set out in *Campbell* v. *State* (1951), 229 Ind. 198, 96 N.E.2d 876. In the *Campbell* case it was

pointed out that it is imperative that an accused be properly informed of all of his pertinent rights and the consequences of his plea of guilty before such plea is received by the court and sentence pronounced. The transcript of proceedings presents an unimpeachable record which will clearly demonstrate whether or not the accused's plea of guilty was entered knowingly and freely. However, neither the *Campbell* case nor any of the many cases which followed have held that it was an automatic ground for relief when there was no transcript available of the acceptance of the plea of guilty and sentencing. It is incumbent upon the petitioner seeking post-conviction relief to call the trial court's attention to facts or representations occurring at the arraignment and sentencing which were misleading to him, thus causing his plea of guilty to be entered and sentence pronounced without full knowledge of the consequences.

In the case at bar, we find no contention on the part of the appellant which would justify the granting of his petition for relief. The appellant was represented by competent counsel prior to and at the time of his plea of guilty and sentencing. He entered into plea bargaining with the prosecuting attorney, which was reasonable and proper under the circumstances. The prosecuting attorney agreed to and did in fact dismiss the charge of kidnapping. Appellant makes no claim that the prosecuting attorney made any representations whatever as to the result of his plea of guilty to the charge of armed robbery.

Appellant's sole contention is that it was his attorney who represented to him that the trial court *probably* would not give him the maximum sentence, but would *probably* give him the minimum sentence. There is no claim by the appellant that either his counsel or the prosecuting attorney had made any representation to him as to any guarantee of the action of the trial judge, nor does the appellant make any contention that at the arraignment or sentencing the trial judge made any false or misleading representations to him.

As was stated in the *Campbell* case, *supra,* this Court looks with disfavor upon the failure to make a transcript upon the acceptance of a plea of guilty and sentencing. However, in the absence of any contention on the part of the appellant as to the precise manner in which he was mislead in such hearing, we cannot say that the failure to prepare such transcript is reversible error. *Bates* v. *State* (1971), 256 Ind. 490, 269 N.E.2d 749, 25 Ind. Dec. 640.

We would further point out that although the appellant is correct in observing that there was no transcript made at the time of his sentencing, there was in fact a transcript made at the time he entered his plea of guilty. This transcript is in the record and clearly demonstrates that the trial judge fully advised the appellant of his constitutional rights, the nature of the charge against him, the penalty prescribed by the statute and the possible consequences of a plea of guilty.

There can be no question from the record before us that at the time the appellant entered his plea of guilty to the charge, he was completely and properly advised by his attorney and the trial judge. After having been informed by the trial judge that a plea of guilty would result in a penalty of not less than ten (10) years nor more than twenty (20) years, he specifically stated that no promises had been made to him.

Thus, it appears from this record that his plea of guilty was properly received by the trial court, and that his sentence following such plea was within the statutory provisions explained to him at his arraignment.

The trial court is, therefore, affirmed.

Arteburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 317 N.E.2d 856.