Robertson, C.J., and Lybrook, J., concur.

ROBERT G. PHEBUS *v.* STATE OF INDIANA.

[No. 1-374A38. Filed February 26, 1975.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

PER CURIAM—Phebus appeals from the denial of his petition for post-conviction relief contending that his guilty plea must be set aside for the trial court's failure to advise him of his constitutional rights before accepting his plea.

At his arraignment on February 27, 1969,[1] Phebus waived his right to counsel and offered a plea of guilty. In that

---

1. The arraignment occurred prior to *Boykin* v. *Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, which our Supreme Court declined to give retroactive application in *Conley* v. *State, supra.* Prior to *Boykin* the trial court could assume that the defendant was properly advised by his attorney without an affirmative showing in the record. However, in this case, Phebus was not represented by an attorney. Thus, the duty to advise Phebus fell upon the court regardless of the pre-*Boykin* date of the arraignment.

situation the trial court had an affirmative duty to advise Phebus of his constitutional rights. *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803; *Thacker* v. *State* (1970), 254 Ind. 665, 262 N.E.2d 189; *Gates* v. *State* (1962), 243 Ind. 325, 183 N.E.2d 601. However, the record of the arraignment proceedings shows that Phebus was not advised of his right against self-incrimination or his right to confront his accusers.

Reversed and remanded with instructions to grant petitioner relief by vacating his judgment of conviction and plea of guilty.