**William Herman IVES,
Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

No. 1–1281A358.

Court of Appeals of Indiana,
First District.

June 21, 1982.

Kevin McShane, Nile Stanton, P. C., Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

ROBERTSON, Judge.

William Herman Ives entered a guilty plea to a charge of escape on August 28, 1964, in the Putnam Circuit Court. He was sentenced to a term of one to five years imprisonment. On March 19, 1981, Ives filed a pro se petition for post-conviction relief alleging that his guilty plea was involuntary and that his trial counsel was incompetent. The petition was amended on July 10, 1981, after Ives acquired counsel, to additionally allege that the trial court had lacked subject matter jurisdiction to accept his guilty plea because he was a juvenile who was improperly waived to criminal court. The petition was denied. The same issues are before us on appeal. We reverse because the inadequate record does not reflect a knowing and voluntary guilty plea.

The petition was heard with the following stipulations before the court:

Betty Fall was the Court Reporter for the Putnam Circuit Court at the guilty plea hearing in this cause (and she is now deceased.)

Her (Betty Fall) shorthand notes cannot be transcribed so that there is no transcript of the guilty plea hearing available.

The available records of both juvenile and criminal cases that can be found do not indicate that a formal waiver order from juvenile court to adult criminal court was entered.

The defendant's appointed counsel, William McClellan, has no recollection or records of this case.

The only available record of the guilty plea hearing is the docket entry which reads:

Defendant appears in court; in person and in the custody of the sheriff. Court now admonishes defendant of his Constitutional rights to be represented by counsel; to be tried before a court or jury; and that he is entitled to a copy of the

affidavit making the charge against him; and that he is entitled to face his accusers in Court. Defendant now requests pauper attorney and court grants such request and appoints Mr. Wm. L. McClellan, an attorney at this bar, for defendant to counsel with. Defendant then counsels with attorney and court now reads the affidavit to defendant, who acknowledges that he understands the same and the charge therein made. Defendant voluntarily enters a plea of guilty. Defendant states that he is 17 years of age. Court asks if he knows of any legal reason why the court should not pronounce sentence upon him on his plea of guilty. Defendant answers he knows of no legal reason. And now the Probation Office of this Court files her presentence investigation and report with the Court. And the court having inspected and considered said report and being duly advised, now finds defendant guilty and sentences and commits him to the custody of the Board of Trustees of the Indiana Reformatory for a period of not less than one nor more than five years. Court now recommends that due to defendant's age and attitude in court, that defendant be considered for a parole after serving his minimum sentence, including any time owed to the State of Indiana by reason of his confinement in the Indiana State Farm. Defendant placed in custody of sheriff for the execution of this judgment. Probation Officer directed to mail her investigation and report of this case to the Superintendent of the Indiana Reformatory. Court now authorizes the payment of $50.00 pauper attorney fees paid to Mr. William L. McClellan for payment of his services in this cause, to be paid by the auditor of the State of Indiana upon presentation of proper claim thereof.

Additionally, Ives testified that he did leave the penitentiary but that he was unsure whether he was still on the prison grounds when he was arrested. He did not recall making any court appearances prior

to August 28, 1964. Ives stated his appointed lawyer spent five minutes with him, in a holding area, during a recess in the plea hearing. Ives did not recall being given a copy of the charge or having it read to him. He thought his guilty plea was for a breach of trust. Ive's mother also testified and explained that she never received notice of a juvenile waiver hearing nor did she appear at a waiver hearing.

■ There is no question that the record of the guilty plea hearing violated Supreme Court Rule 1–11[1] which was in effect when Ive's guilty plea was entered. The rule read:

*Whenever upon arraignment a plea of guilty to an indictment or affidavit charging a felony is accepted from any defendant who on the date of arraignment or on a later day is sentenced upon said plea the judge shall cause the court reporter to record the entire proceedings in connection with such arraignment and sentencing, including questions, answers, statements made by the defendant and his attorney, if any, the prosecuting attorney and the judge, and promptly thereafter to transcribe the same in form similar to that in general use as a transcript of evidence in a trial. When so transcribed the same shall be submitted to the judge who shall certify that it is a true and complete transcript of such proceedings and shall order the same filed as a part of the record and cause an order book entry of the filing thereof to be made by the clerk. Thereafter in any proceedings questioning the validity of such arraignment, plea of guilty or judgment rendered thereon such transcript shall be taken and considered as the record of the proceedings transcribed therein and upon appeal the original may be incorporated without copying as a part of the record in such appeal over the certificate of the clerk or a copy of said transcript may be included in a bill of exceptions. (Emphasis added.)*

---

1. The current rule pertaining to transcripts of guilty plea hearings is Ind. Rules of Procedure,

Criminal Rule 10.

In *Thacker v. State*, (1970) 254 Ind. 665, 262 N.E.2d 189, our supreme court held that a "mere docket entry" was insufficient to show the defendant's constitutional rights were protected or that his guilty plea was knowingly and voluntarily entered. The court in *Thacker* was construing Supreme Court Rule 1–11 in relation to a guilty plea made prior to *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the same situation is presented in the case at bar.

The supreme court in *Thacker* cited *Campbell v. State*, (1951) 229 Ind. 198, 96 N.E.2d 876. That case involved a writ of error *coram nobis*, the forerunner of our current post-conviction petitions, alleging that Campbell's guilty plea was not knowingly and voluntarily entered. The court held that Campbell could withdraw his guilty plea because the record was insufficient to show Campbell had been advised of his constitutional rights, in particular the right to counsel. The intrinsic record stated that at his arraignment Campbell was "advised of his constitutional rights." 96 N.E.2d at 878. The court discussed the rationale behind Supreme Court Rule 1–11 at length stating:

> One of the reasons for the adoption of Rule 1–11 supra by this court is to provide an unimpeachable record showing the extent of the inquiry into the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly. Without such record the trial court is, by its own volition, shorn of the procedural facts that might protect its judgment from attack.

96 N.E.2d at 877.

We are aware that unlike Ives's case, *Campbell* and *Thacker* both involved situations where the defendants were not represented by counsel when their guilty pleas were entered. We are also aware that some Indiana cases have upheld guilty pleas in cases where the defendant was represented by counsel on the presumption that competent counsel advised the defendant of

his rights. This was the case in *Conley v. State*, (1972) 259 Ind. 29, 284 N.E.2d 803. However, we are not convinced that is the proper approach to Ives's situation. The only evidence of Ives's contact with his lawyer was his recollection of a five minute conversation between them during a brief recess in the plea hearing. The lawyer could not recall any details of the case. Additionally, Ives has alleged incompetency of counsel. Such a situation was discussed in *Conley v. State, supra*. The court specifically noted that there was no allegation of, or proof of, incompetency of counsel, which therefore, supported the presumption that counsel had advised Conley of his constitutional rights. In Ives's case, the record is inadequate to show whether counsel was incompetent, but given Ives's age, the lack of a complete record to sustain the guilty plea, the interrelationship between his counsel's competency and the question of a voluntary guilty plea, all coupled with the brief period for a dialogue between attorney and client, we cannot presume that Ives was informed of his rights and that his plea was therefore, voluntarily made.

We do not lightly set aside Ives's guilty plea. We are aware that if the plea is withdrawn, Ives will be freed from a felony conviction which supports an habitual offender conviction. However, we cannot sustain the guilty plea simply on that basis when there is an inadequate record.

■ We also cannot sustain the denial of Ives's petition for post-conviction relief on a theory of waiver or laches. The State did not try the petition on a waiver theory and therefore, we may not do so on appeal. *Rader v. State*, (1979) Ind.App., 393 N.E.2d 199; *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538. The State has repeatedly been invited to properly present the waiver issue, *Rader v. State, supra; Langley v. State, supra*, but has not accepted the invitation.

Therefore, we find the trial court abused its discretion by denying Ives's petition. That judgment is reversed and this cause is

remanded for further action consistent with this opinion.

Judgment reversed.

RATLIFF, P. J., and NEAL, J., concur.